UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS  DIVISION

| | |
|---|---|
| **Michael Anthony Hurley and Jo Anna P. Hurley** | Civil Action No. 07-608 |
| versus | Judge Tucker L. Melançon |
| **Immigration & Customs Enforcement,** *et al* | Magistrate Judge Mildred E. Methvin |

**ORDER**

Before the Court is plaintiffs' Complaint/ Motion for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Other Relief [Rec. Doc. 1] which was filed April 3, 2007. The record reflects that plaintiffs are seeking to enjoin the U. S. Bureau of Immigration & Customs Enforcement and the U.S. Bureau of Citizenship & Immigration Services from removing, deporting or detaining plaintiff Michael A. Hurley, a citizen of the United Kingdom and husband of plaintiff Jo Anna Hurley, a United States citizen.

Pursuant to 8 U.S.C.§1252(f)(2) and 1252(g),[1] as amended by the REAL ID Act of

---

[1]
U.S.C.A. § 1252

(f) Limit on injunctive relief (1) In general: Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated. (2) Particular cases: Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.
(g) Exclusive jurisdiction:
Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

2005, which governs judicial review of orders of removal, a district court lacks jurisdiction to prevent the execution of removal orders. See *Earls v. Copes, Warden, et al,* 2005 WL 2999149 (W.D.La. 2005)(citing *Reno v. American-Arab Anti-Discrimination Committee,* 525 U.S. 471 (1999); *Alvidres-Reyes v. Reno,* 180 F.3d 199 (5th Cir. 1999)); *Guzman v. Bureau of Immigration and Customs Enforcement,* 2006 WL 2345995 (S.D. Tex.2006)(citing *Cardoso v. Reno,* 216 F.3d 512, 516 (5th Cir. 2000)); *Novikova v. Prendez, U.S. Immigration and Customs Enforcement Office,* 2006 WL 1424255 (N.D.Tex. 2006); *United States v. Adeoshun,* 2006 WL 3462937 (E.D.La. 2006).  Accordingly, it is

ORDERED that plaintiffs' Complaint/ Motion for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Other Relief [Rec. Doc. 1] is DENIED for lack of subject matter jurisdiction.

Plaintiffs are advised that any relief they may be entitled to, which based on the allegations contained in their complaint facially appear to have no basis in law or in fact, must be directed to the United States Court of Appeals for the Fifth Circuit pursuant to 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005, and then, only if all of plaintiff Michael. A. Hurley's administrative remedies have been exhausted.

Thus done and signed in Lafayette, Louisiana this 4th day of April, 2007.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE